IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZORICA RATKOVICH, )
)
        Plaintiff, )
)
vs. ) 2:09cv1479
) **Electronic Filing**
HARTFORD LIFE AND ACCIDENT )
INSURANCE COMPANY and )
ADMINISTRATIVE COMMITTEE )
OF THE ASSOCIATES' HEALTH )
AND WELFARE PLAN, )
)
        Defendants. )

### MEMORANDUM OPINION

August 17, 2010

**I.  INTRODUCTION**

Plaintiff, Zorica Ratkovich ("Ratkovich" or "Plaintiff"), filed a two (2) count amended complaint against Defendants, Hartford Life and Accident Insurance Company ("Hartford") and the Administrative Committee of the Associates' Heath and Welfare Plan (the "Committee)(collectively "Defendants"), contending that Hartford wrongfully terminated her long term disability benefits ("LTD") and alleging violation of the Employee Retirement Income Security Act of 1974, as amended, 29 U. S. C. § 1001 *et. seq.* ("ERISA") (Count I) and Breach of Contract (Count II)[1]. Hartford filed a motion to dismiss the amended complaint and to strike Plaintiff's demand for a jury trial.[2] Hartford contends that Ratkovich's ERISA claim is time-barred by three (3) year contractual limitations period set forth in the Hartford group disability insurance policy (the "Policy"). Plaintiff has responded and the motion is now before the Court.

---

[1] Count II has been dismissed by stipulation of the parties which was approved by the Court on March 31, 2010.

[2] Plaintiff has conceded that she is not entitled to a jury trial under ERISA, therefore, her demand for a trial by jury shall be stricken.

## II. STATEMENT OF THE CASE

Ratkovich was employed by Wal-Mart until January 1999, when she contends she became disabled due to certain medical conditions, and ended her employment. Amended Complaint ("Am. Comp.") ¶¶ 15-19. While employed, Ratkovich was a participant in Wal-Mart's employee welfare benefit plan (the "Plan") which included eligibility for disability benefits under the terms of the Policy. Am. Comp. ¶ 2. In September of 1999, Plaintiff applied for LTD benefits under the Policy, and Hartford approved her claim. Am. Comp. ¶¶ 15 & 18. In June of 2005, Hartford determined that Ratkovich was no longer entitled to benefits and terminated her benefits by letter dated June 8, 2005. Am. Comp. ¶ 18; Hartford Brief in Support Exhibit A. In the June 8th letter, Hartford informed Ratkovich of her right to appeal the decision and, if the appeal was denied, informed her of her right to bring a civil action under Section 502(a) of ERISA. Hartford Brief in Support Exhibit A, p. 7.

Ratkovich appealed the decision to terminate her benefits, and by letter dated January 4, 2006[3], Hartford upheld its decision regarding the termination. Hartford Brief in Support Exhibit B; Ratkovich Brief in Opposition, p. 2. The January 4th letter also informed Ratkovich of her right to bring a civil action under Section 502(a) of ERISA. Hartford Brief in Support Exhibit B, p. 2. Ratkovich initiated this action by Complaint filed on November 5, 2009.

## III. LEGAL STANDARD FOR MOTION TO DISMISS

In deciding a motion under Rule12(b)(6) of the Federal Rules of Civil Procedure, the

---

[3] The Court is permitted to consider the letters dated June 8, 2005, and January 4, 2006, in determining the motion to dismiss even though Plaintiff has not attached the letters to her complaint. "[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. *Early v. United States Life Ins. Co.*, 222 Fed. Appx. 149, 151 n. 2 (3d Cir. 2007)(quoting *Pension Ben. Guar. Corp. v. White Consol. Inds., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Court is required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the plaintiff. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). It had long been part of the Rule 12(b)(6) standard that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41,45-46 (1957). Recently, however, the United States Supreme Court disavowed the "no set of facts" language as part of the Rule 12(b)(6) standard, instructing: "[t]his phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1969 167 L. Ed. 2d 929 (2007). Therefore, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *Twombly*, 127 S. Ct. at 1965; *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

The Court of Appeals for the Third Circuit summarized the *Twombly* formulation of the pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. County of Allegheny*, 515 F.3d at 234 (internal citations omitted). In so deciding, a court usually looks "only to the facts alleged in the complaint and its attachments without reference to other parts of the record," *see Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994), but it also may consider "matters of public record . . . and undisputedly authentic documents attached to a motion to dismiss." *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 n.2 (3d Cir. 2006).

3

## IV. DISCUSSION

Hartford contends that Ratkovich's Complaint must be dismissed because it is time-barred by the Policy's three (3) year contractual limitations period. ERISA does not provide specific statute of limitations for claims brought under 29 U.S.C. § 1132(a). However, the Court of Appeals for the Third Circuit has stated that, "[a]s a general rule, when Congress omits a statute of limitations for a federal cause of action, courts 'borrow' the local time limitation[4] most analogous to the case at hand." *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 305 (3d Cir. 2008)(quoting *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1179 (3d Cir. 1992)). *See also Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 n.2 (3d Cir. 2007). The parties, however, may contract for a shorter limitation period, so long as the contractual period is not manifestly unreasonable. *See, e.g., Hosp. Support Servs., Ltd. v. Kemper Group, Inc.*, 889 F.2d 1311 (3d Cir. 1989); *see also Klimowicz v. Unum Life Ins. Co. of Am.*, 296 Fed. Appx. 248, 250 (3d Cir. 2008).

The Policy[5] prohibits an insured from commencing suit more than "3 years after the time written proof of loss is required to be furnished according to the terms of the policy." *See* Am. Comp., Exhibit A, HL101124. The Third Circuit has held that the three (3) year limitations period in an insurance contract is reasonable. *See Klimowicz*, 296 Fed. Appx. at 251; *Koert v. GE Group Life Assur. Co.*, 231 Fed. Appx. 117, 120 (3d Cir. Pa. 2007)("Pennsylvania law allows parties to contract for limitation periods shorter than those specified by statute, and a three year period is certainly reasonable."); *Fontana v. Diversified Group Adm'rs, Inc.*, 67 Fed. Appx. 722, 724 n.1 (3d Cir. 2003)("[T]he [contractually agreed to] three year statute of limitations is reasonable."). Accordingly, the Court will apply the Plan's three-year contractual limitation period.

---

[4] In this instance, the Policy is governed by the laws of the state where it was delivered, Delaware. *See* Am. Comp., Exhibit A, HL101067 & HL101077.

[5] The provisions of the Policy regarding proof of loss and legal actions are virtually identical to the Delaware statute establishing the uniform policy provisions for group insurance policies. *See* 18 DEL. CODE ANN. §§ 3522, 3526.

4

The Third Circuit applies the "discovery rule" to determine when a cause of action arises for statute of limitations purposes. *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d at 520. "In the ERISA context, the discovery rule has been 'developed' into the more specific 'clear repudiation' rule whereby a non-fiduciary cause of action accrues when a claim for benefits has been denied." *Id.* The clear repudiation rule does not require a formal denial or even a formal application, rather the rule only requires a "clear" repudiation of the benefits which was clear and made known to the beneficiary. *Id.* at 520-521. Therefore, some event "other than a denial of a claim" may trigger the statute of limitations by "clearly alerting the plaintiff that his entitlement to benefits has been repudiated." *Id.* at 521. Any conduct or action that communicates a "determination that a beneficiary receive less than his full entitlement" may be a "clear repudiation." *Id.* In *Miller*, the Third Circuit found that an insurance company's underpayment of benefits constituted a "clear repudiation" because it acted both as a denial of further benefits and because the repudiation was "made known" to the beneficiary upon his receipt of the payment. *Id.* at 521-22. Specifically, the court stated:

> . . . an underpayment can qualify as a repudiation because a plan's determination that a beneficiary receive less than his full entitlement is effectively a partial denial of benefits. Like a denial, an underpayment is adverse to the beneficiary and therefore repudiates his rights under a plan. . . . [R]epudiation by underpayment should ordinarily be made known to the beneficiary when he first receives his miscalculated benefit award. . . . At that point, the beneficiary should be aware that he has been underpaid and this right to a greater award has been repudiated.

*Id.* at 522-23.

Here, Ratkovich was informed by letter dated June 8, 2005, that her benefits were being terminated, the letter specifically stating: "benefits beyond 5/31/05 are not payable to you in accordance with the provisions of the policy and **your claim has been terminated effective 6/1/05**." Hartford Brief in Support Exhibit A (emphasis added). The letter further informed Ratkovich of her right to appeal the decision and, if the appeal was denied, informed her of her right to bring a civil action under Section 502(a) of ERISA. Clearly, the LTD benefits had been

5

repudiated at this point and Ratkovich knew she was no longer going to be paid. Notwithstanding the June 8th repudiation, Ratkovich received another letter dated January 4, 2006, which informed her that her appeal had been denied, and Hartford's decision regarding the termination of benefits was upheld.

Ratkovich filed her initial complaint with this Court on November 5, 2009, more than three (3) years after both the June 8, 2005, and January 4, 2006, letters that clearly indicated her benefits under the Policy had been terminated. Accordingly, Ratkovich's claim is time-barred under the contractual limitations period, and her complaint must be dismissed.

V.  **CONCLUSION**

For the reasons set forth above, Ratkovich's claim is time-barred under the contractual limitations period, and her complaint shall be dismissed.

s/ David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc: Jon Lyons, Esquire
Suite 205
53 North Duke Street
Lancaster, PA 17602

Brian P. Downey, Esquire
Pepper Hamilton LLP
200 One Keystone Plaza
North Front and Market Streets
P. O. Box 1181
Harrisburg, PA 17108

Amber Schuknecht Martin, Esquire
Pepper Hamilton LLP
500 Grant Street, 50th Floor
Pittsburgh, PA 15219